IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BROOKE BROMLEY, *et al.*, | |
| Plaintiffs, | Civil No. 21-00325 (RBK/MJS) |
| v. | **OPINION** |
| JERSEY UROLOGY GROUP, *et al.*, | |
| Defendants. | |

**KUGLER,** United States District Judge:

This matter comes before the Court upon (1) Defendants' Motion to Dismiss (Doc. 5) and (2) Plaintiffs' Motion to Remand and for Sanctions (Doc. 11). For the reasons expressed below, the Motion to Dismiss is **DENIED AS MOOT**, and the Motion to Remand and for Sanctions is **GRANTED**.

## I. BACKGROUND

This action arises out of an employment discrimination dispute. Plaintiffs Brooke Bromley, Marcia Coronado-Wonski, Maryrose Sicilia, and Christina Shiffler (collectively "Plaintiffs") were employees of Jersey Urology Group P.A., Francis J. Wren, Melody Tull, and Michael Shutz (collectively "Defendants"). (Doc. 1-1, "Compl." ¶¶2–3.) All parties are New Jersey citizens. (Compl. ¶¶2–3.) After the COVID-19 pandemic began, Defendants furloughed Plaintiffs. (Compl. ¶14). When Defendant Tull asked Plaintiffs to return to work, Plaintiffs asked for individual job accommodations for COVID-19 related circumstances. (Compl. ¶19.) Defendants later terminated Plaintiffs from their positions. (Compl. ¶19.) Plaintiffs thereafter brought an action against

1

Defendants in New Jersey Superior Court under the New Jersey Law Against Discrimination (NJLAD) and the New Jersey Conscientious Employee Protection Act (CEPA). (Compl. ¶¶192–265.) Plaintiffs seek "all remedies available under CEPA" and damages "for harm suffered in violation of the NJLAD." (*See generally* Compl.)

Defendants removed the case to federal court, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. Defendants based this assertion of jurisdiction on the Complaint's two references to federal "Consolidated Omnibus Budget Reconsideration Act" (COBRA) insurance. (*See* Doc. 1, "Not. of Removal.") Plaintiffs first plead that Bromley and Shiffler were unable to take advantage of COBRA insurance after their termination. (Compl. ¶84.) Second, Plaintiffs note that "Defendants violated [COBRA] by failing to provide . . . Bromley and Shiffler with medical insurance to prevent a gap in their coverage[.]" (Compl. ¶10.) However, the Complaint does not plead a cause of action under COBRA. (*See generally* Compl.)

After removal, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. (Doc. 5, "Mot. to Dismiss.") Plaintiffs subsequently filed a Motion to Remand seeking remand to state court and reimbursement of attorney fees and costs. (Doc. 11, "Mot. to Remand.") Defendants filed an Opposition. (Doc. 13, "Opp. to Remand.") Plaintiffs filed a Reply in support of their Motion to Remand. (Doc. 15, "Reply in Support of Mot. to Remand.")

## II. LEGAL STANDARD

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. *Id.* A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the

district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). It has been long settled that removal on this basis is generally subject to the well-pleaded complaint rule, which requires that the federal question justifying a federal court's jurisdiction appear on the face of the complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 153 (1908).

Importantly, the presence of a federal issue in a state claim does not automatically confer federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand[.]").

### B. Motion for Attorney's Fees and Costs Pursuant to 28 § U.S.C. 1447(c)

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs seek "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) *only where* the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) (emphasis added). In determining whether to award fees, district courts should employ a balancing test, "recogniz[ing] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

## III. DISCUSSION

### A. Motion to Remand

Plaintiffs assert that the Court should remand the case to state court because the Court lacks subject matter jurisdiction. Because the parties are not diverse, Defendants' sole basis for removal was federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Not. of Removal at 3.) While the Complaint's fact section briefly mentions COBRA, Plaintiffs' causes of action are not dependent on the federal program, and Plaintiffs' rights to relief do not rely on resolving a question of federal law. Plaintiffs only assert that Defendants' employment discrimination later caused Plaintiffs Bromley and Shiffler to suffer because they did not have COBRA insurance. (*See generally* Compl. ¶¶10, 84.) However, this Court has held that "removal cannot be based simply on the fact that federal law may be referred to in some context in the case." *Rothman v. Union Cnty. College,* No. 08-3170 (HAA), 2008 WL 11510662, at *2 (D.N.J. Nov. 19, 2008); *JVC Americas Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 594 (D.N.J. 2003) ("federal courts have found that cases should be remanded when federal law is merely 'referenced' or 'mentioned' in the claim"). The Complaint alleges only state law claims and requests recovery under only state laws—the NJLAD and CEPA. (*See generally* Compl.) Since there is no federal question raised on the face of Plaintiffs' Complaint, Defendant's removal on this basis was improper. *See Merrell,* 478 U.S. at 813 (holding that the mere mentioning of a federal law issue in a complaint for a state law cause of action does not create subject matter jurisdiction).

Defendants argue that a federal question is implicated because Plaintiffs' damages stem from their lack of COBRA insurance; however, on the face of the Complaint, Plaintiffs do not request damages connected to COBRA. (Not. of Removal ¶10; s*ee also generally* Compl.) While Defendants assert that Plaintiffs could potentially claim COBRA damages in the future, that

4

reasoning does not permit removal. It is well-settled law that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Caterpillar Inc. v. Williams,* 486 U.S. 386, 399 (1987); *see also Franchise Tax Bd. of State of Cal. v. Constru. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 10 (1983) ("a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law") (emphasis in original).

Defendants also argue that "Plaintiffs are not entitled to remand until [. . .] they amend their Complaint[.]" (Opp. to Remand at 2.) This assertion is incorrect—a plaintiff is not required to amend their complaint before moving to remand. *See* Fed. R. Civ. P. 15 (noting that a party "may" amend their pleading but is not required to); *see also Collins v. Stevens*, No. 15–4393(ES)(JAD), 2015 WL 10384507, at *2-3 (D.N.J. Dec. 2, 2015) (stating the currently filed complaint is the operative complaint that the motion will be decided on). Moreover, Defendants' reliance on *Wickersham* is similarly misplaced. (Opp. to Remand at 10-15.) In *Wickersham,* Judge Bumb issued orders requiring the plaintiff to amend her complaint for clarity, but these were ordered *after* "plaintiff request[ed] an opportunity to amend the Complaint." (Opp. to Remand 10-11; Text Order, ECF No. 8, *Wickersham*, Civil No. 13–cv–7108 (RMB/KMW), 2014 WL 2571640.) However, there is no requirement that Plaintiffs amend their complaint before moving to remand. And, as binding precedent holds, any remaining "doubts should be resolved in favor of remand[ing]" the case to state court. *Abels,* 770 F.2d at 29.

In sum, the court finds Plaintiffs' operative complaint does not raise a federal question, and therefore the Court has no basis for federal question jurisdiction. Therefore, the Motion to Remand is **GRANTED**.

### B. Attorney's Fees and Costs

Plaintiffs seek the costs associated with Defendants' improper removal. The District of New Jersey has awarded "'costs, expenses, and attorneys' fees where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal.'" *Gloucester Cnty. Improvement Auth. v. Gallenthin Realty Dev., Inc.*, Case No. 07-5328, 2008 WL 336784 (D.N.J. Feb 5, 2008) *(*quoting *Newton v. Tavani,* 962 F. Supp. 45, 48 (D.N.J. 1997))*; see also Little League Baseball, Inc. v. Welsh Pub. Grp., Inc.*, 847 F. Supp. 648, 656 (E.D. Pa. 1995) (awarding attorney's fees and costs to plaintiff because "minimal research" would have shown defendants that removal was improper).

Defendants' Opposition to Remand failed entirely to support their argument that removal from state to federal court was appropriate. (*See generally* Opp. to Remand.) Moreover, Defendants' brief does not cite any case law to support their removal from state to federal court besides *Wickersham*, which this Court finds to be inapposite. (Opp. to Remand 10-15.) Rather, the overwhelming majority of precedent contradicts Defendants' assertion of federal question jurisdiction based on a complaint that merely mentions a federal program. *See Merrell*, 478 U.S. at 813 (mentioning a federal issue in a state law complaint does not create subject matter jurisdiction); *Wickersham v. T.D. Bank, NA*, Civil No. 13–cv–7108 (RMB/KMW), 2014 WL 2571640, at *2 (Jun. 9, 2014) ("[A] mere mention of federal law is insufficient to sustain [… subject matter] jurisdiction"); *see also Rothman,* 2008 WL 11510662, at *2; *Litwak v. Tomoko*, No. 3:18-CV-01377, 2018 WL 4256831, at *2 (M.D. Pa. 2018); *Wuerl v. Int'l Life Science Church*, 758 F. Supp. 1084, 1086 (W.D. Pa. 1991).

In sum, the Court finds that Defendants lacked an objectively reasonable basis for seeking removal. Accordingly, Plaintiffs' request for attorney fees and costs is **GRANTED.** The Court

will assess reasonable fees and costs to Defendants upon assessing Plaintiffs' documentation of fees and costs. The Court does not wait to resolve the request for costs and fees before remanding this case. The Court retains jurisdiction after remand solely to adjudicate the request for costs and fees. *See Moses v. Ski Shawnee, Inc.*, No. 00-3347m 2000 WL 1053568, at *2 (E.D. Pa. July 31, 2000) (citing *Stallworth v. Greater Cleveland Reg. Transit Auth.,* 105 F.3d 252, 257 (6th Cir.1997)).

IV. CONCLUSION

For the reasons contained herein, the Motion to Remand (Doc. 11) is **GRANTED** and Plaintiffs' request for Attorneys' Fees and Costs is **GRANTED**. The Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**. An accompanying Order shall issue remanding the case to the Superior Court of New Jersey, Law Division, Cape May County and setting a schedule for submissions in connection with Plaintiffs' request for costs and fees.

Dated: 7/12/2021

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge